Argonaut SW Ins v. Hon McDonald(WT) 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-175-CV

        ARGONAUT SOUTHWEST INSURANCE COMPANY,
                                                                              Relator
        v.

        HONORABLE W. T. McDONALD, JR., VISITING
        JUDGE, 12TH JUDICIAL DISTRICT COURT,
        MADISON COUNTY, TEXAS,
                                                                              Respondent
 

 ORIGINAL PROCEEDING
 
 
O P I N I O N
                                                                                                     

          In this mandamus action, Relator asserts that Respondent abused his discretion in ordering
the production of certain letters written by Relator's attorney prior to the institution of the
underlying suit. Because the letters have been viewed and copied by the adverse party, the matter
is moot and we will deny the petition for writ of mandamus.
          After the adverse party requested a copy of Relator's investigative file, including three
letters written by its attorney, Relator sought protection under Rule 166b of the Rules of Civil
Procedure. See Tex. R. Civ. P. 166b 4; Tex. R. Civ. Evid. 503. Respondent ordered that the
documents be submitted for an in camera inspection. After his inspection was completed,
Respondent placed those documents which he deemed not discoverable in one envelope, marked
it "Documents privileged—to remain sealed as a part of the papers of the cause," and filed it with
the district clerk. The documents he deemed discoverable were placed in a second envelope,
marked "Documents not privileged—to be copied for or by [adverse party's attorney] only," and
also filed it with the district clerk. Respondent wrote a letter to the parties, outlining his ruling
on the documents and advising each of the disposition of the documents. Nine days later, the
adverse party went to the district clerk's office and obtained a copy of all documents in the
discoverable envelope, including the attorney-client letters made the basis of the petition in this
court.
          Although better practice would dictate a period of delay before allowing the discovering
party to actually view documents which have been inspected in camera, during which the
producing party could seek review of the discovery order, the fact is that the adverse party has
viewed and copied the letters in question.
          Relator urges us to order that "no party or person shall be allowed to use the subject
documents as evidence in any case or in any proceeding in the civil courts of the State of Texas,"
a suggestion beyond the scope of this proceeding. Disclosure to the adverse party does not
necessarily equate to admissability in any given proceeding. See Tex. R. Civ. Evid 512. The
question of admissibility will be determined at the time the documents or any part thereof are
actually offered into evidence in a proceeding.
          We deny the petition for writ of mandamus.
                                                                                 PER CURIAM
Before Chief Justice Thomas, 
          Justice Cummings and
          Justice Vance
Writ of mandamus denied
Opinion delivered and filed October 23, 1991
Do not publish